# EXHIBIT A

**LAW OFFICES OF JEREMIAS E. BATISTA, LLC**
**JEREMIAS E. BATISTA, ESQ. – Attorney ID#: 023872005**
**417 CLIFTON AVENUE**
**CLIFTON, NEW JERSEY 07011**
**Tel. 973.340.9600**
**Fax. 973.928.8084**
**law@jeremiasbatista.com**
**Attorney for the Plaintiff**

| | |
|---|---|
| **ANNETTE SANCHEZ,**<br><br>                              **Plaintiff,**<br><br>**vs.**<br><br>**HOME DEPOT USA INC., ABC**<br>**COMPANIES (1-5) (fictitiously named as**<br>**yet unknown),**<br><br>                              **Defendants.** | **SUPERIOR COURT OF NEW JERSEY**<br>**LAW DIVISION: HUDSON COUNTY**<br>**DOCKET NO: HUD-L-**<br><br>**CIVIL ACTION**<br><br>**COMPLAINT AND JURY DEMAND** |

The plaintiff, ANNETTE SANCHEZ, residing in the County of Hudson and State of New Jersey, by way of Complaint, says:

## FIRST COUNT

1.   On or about June 8, 2019, the plaintiff, Annette Sanchez, was lawfully upon the premises as a business invitee, of Home Depot, located at 7605 Tonnelle Avenue, in the Township of North Bergen, County of Hudson and State of New Jersey, when she was caused to trip and fall as she was exiting the bank to the parking lot, causing severe injury to the Plaintiff.

2.  On the aforesaid date, the Defendants, Home Depot USA, Inc. and/or ABC Companies 1-5 (fictitiously named as yet unknown) owned, occupied, operated and maintained the premises commonly known as Home Depot, located at 7605 Tonnelle Avenue, Township of North Bergen, County of Hudson, State of New Jersey.

1

3. On the aforesaid date, the Defendants, Home Depot USA, Inc. and/or ABC Companies 1-5 (fictitiously named as yet unknown) did so negligently and carelessly own, occupy, operate and maintain the aforesaid premises so as to cause a dangerous condition to exist thereon.

4. It was the duty of the Defendants, to exercise ordinary care to render the premises reasonably safe and takes steps that are reasonable and prudent to correct or give warning of hazardous conditions which are actually known to him/her or correct or give warning of hazardous conditions which Defendants, through the exercise of reasonable care, could discover.

5. The Defendant was further negligent in that, although he knew, or in the exercise of reasonable care, should have known that such a dangerous and unsafe condition existed, he posted no warning signs, took no precautions and gave no notice whatsoever to the lawful visitor(s) of the presence of a dangerous condition.

6. As a direct and proximate result of the negligence of the Defendants, the Plaintiff, Annette Sanchez, tripped and fell down and sustained severe bodily injuries, was caused to suffer great pain and mental anguish and will in the future continue to suffer great pain and mention anguish, has not been able to perform usual activities, has lost wages from not being able to perform her occupation, and was caused to expend large sums of monies in an effort to cure and treat the aforesaid injuries, and will be so caused in the future, and suffered temporary and permanent disabilities, all to her detriment.

**WHEREFORE,** the Plaintiff, Annette Sanchez, demands judgment against the Defendants, Home Depot USA, Inc. and/or ABC Companies 1-5 (fictitiously named as yet unknown), for compensatory damages, lost wages, together with interest and costs of suit.

2

## DEMAND FOR TRIAL BY JURY

The Plaintiff demands a trial by jury as to all issues herein.

ATTORNEY FOR PLAINTIFF
LAW OFFICES OF JEREMIAS E. BATISTA, LLC

Jeremias E. Batista, Esq.
Attorney for Plaintiff

DATED: June 7, 2021

## DESIGNATION OF TRIAL COUNSEL

In accordance with Rule 4:25-4, Jeremias E. Batista, Esq., is hereby designated as trial

counsel for the Plaintiffs in the within matter.

ATTORNEY FOR PLAINTIFF
LAW OFFICES OF JEREMIAS E. BATISTA, LLC

Jeremias E. Batista, Esq.
Attorney for Plaintiff

DATED: June 7, 2021

## CERTIFICATION

The undersigned hereby certifies that the matter in controversy is not now the subject of

any other pending action in any court and is likewise not the subject of any pending arbitration

proceeding.  The Plaintiffs are not aware of any other parties or the true identities of other parties

which should be joined in this action at this time.

ATTORNEY FOR PLAINTIFF
LAW OFFICES OF JEREMIAS E. BATISTA, LLC

Jeremias E. Batista, Esq.
Attorney for Plaintiff

DATED: June 7, 2021

3

**LAW OFFICES OF JEREMIAS E. BATISTA, LLC**
**JEREMIAS E. BATISTA, ESQ. – Attorney ID#: 023872005**
**417 CLIFTON AVENUE**
**CLIFTON, NEW JERSEY 07011**
**Tel. 973.340.9600**
**Fax. 973.928.8084**
**law@jeremiasbatista.com**
**Attorney for the Plaintiff**

| | |
|---|---|
| **ANNETTE SANCHEZ,**<br><br>               **Plaintiff,**<br><br>**vs.**<br><br>**HOME DEPOT USA INC., ABC COMPANIES (1-5) (fictitiously named as yet unknown),**<br><br>              **Defendants.** | **SUPERIOR COURT OF NEW JERSEY LAW DIVISION: HUDSON COUNTY DOCKET NO: HUD-L-**<br><br>**CIVIL ACTION** |

## DEMAND FOR ANSWERS TO FORM C AND FORM C (1), C (2) INTERROGATORIES

Pursuant to Rule 4:17-1(b), demand is hereby made upon Defendant to provide answers to Form C and Form C1 or C2 interrogatories contained in Appendix II, within the time limits prescribed by the Rules of Court.

## SUPPLEMENTAL INTERROGATORIES PERMITTED PURSUANT TO RULE 4:17-1(b)(i)

S1. State whether Defendant or anyone in Defendant's behalf has made or caused to be made any surveillance photographs, video tapes, movies or other recordings of the Plaintiff since the date of the accident, and if so, please state the date(s) upon which such surveillance photographs, video tapes, movies or other recordings were made, the name and address of the person taking or making such surveillance photographs, video tapes, movies or other recordings, what each surveillance photographs, video tapes, movies or other recordings depict. Pursuant to

4

the Rules of Court, this interrogatory is deemed to be continuing and Plaintiff shall rely upon your answer to this interrogatory at the time of trial.

S2. If you contend or will contend that the permanency of Plaintiff's injuries should not be evidential or be considered by the finder of fact, state with detail and with particularity and specificity each and every basis of fact or law upon which you will rely to support such contention.

S3. State whether this Defendant <u>occupied</u> the premises where Plaintiff's incident occurred as of the date of Plaintiff's accident.

S4. If this Defendant did not own or occupy the premises where Plaintiff's accident occurred as of the date of the Plaintiff's accident, please state the name and address of the person, firm and/or corporation who did own and/or occupy the premises where Plaintiff's accident occurred as of the date of Plaintiff's accident.

S5. State whether this Defendant conducted any business on the premises where Plaintiff's accident occurred as of the date of Plaintiff's accident, and if so, set forth in detail and with particularity and specificity the nature of the business conducted.

S6. State whether any inspections or tests made of the accident site by Defendant, or anyone in Defendant's behalf, <u>subsequent</u> to the accident alleged by Plaintiff, and if so, please state the date of said inspection or test, an exact description of such inspection or test, the name, address and job title of the person who performed such inspection or test and the results of said inspection or test.

ATTORNEY FOR PLAINTIFF
LAW OFFICES OF JEREMIAS E. BATISTA, LLC

Jeremias E. Batista, Esq.
Attorney for Plaintiff

DATED: June 7, 2021

5

**LAW OFFICES OF JEREMIAS E. BATISTA, LLC**
**JEREMIAS E. BATISTA, ESQ. – Attorney ID#: 023872005**
**417 CLIFTON AVENUE**
**CLIFTON, NEW JERSEY 07011**
**Tel. 973.340.9600**
**Fax. 973.928.8084**
**law@jeremiasbatista.com**
**Attorney for the Plaintiff**

| | |
|---|---|
| **ANNETTE SANCHEZ,**<br><br>                    **Plaintiff,**<br><br>**vs.**<br><br>**HOME DEPOT USA INC., ABC COMPANIES (1-5) (fictitiously named as yet unknown),**<br><br>          **Defendants.** | **SUPERIOR COURT OF NEW JERSEY LAW DIVISION: HUDSON COUNTY DOCKET NO: HUD-L-**<br><br>**CIVIL ACTION** |

---

## DEMAND FOR THE PRODUCTION OF DOCUMENTS

---

COUNSEL:

**PLEASE TAKE NOTICE**, that pursuant to Rule 4:18-1, demand is hereby made that the

Defendant furnish the Plaintiffs, by way of their attorney, within thirty (30) days of the date hereof,

copies or the originals for photocopying, of the following documents which are in their possession,

custody or control:

1. Copies of all police reports or public investigation reports known to you to exist. Copies

of all photographs, videotapes, surveillance tapes and sound recording, upon which you intend to

rely upon in support of defense or which you may introduce at the time of trial, relating to the

accident, parties or any vehicles involved.

2.   Copies of all photographs, videotapes, surveillance tapes and sound recording, upon which you intend to rely upon in support of defense or which you may introduce at the time of trial, relating to the accident, parties or any vehicles involved.

3.   Copies of all expert reports upon which you intend to rely upon in support of your defense herein or may introduce at time of trial.

4.   Copies of all tangible documents or things upon which you intend to rely upon in support of your defense asserted herein or may introduce at time of trial.

5.   Copies of all Interrogatories answered by you or on behalf of any party in this action.

6.   Copies of all written statements or a deposition of all oral statements taken from any party to this action.

7.   A copy of any and all insurance policy(s) in effect on the date of loss, including any Umbrella policies, which may have been in effect.

8.   Copies of any and all estimates of repair and photographs concerning the vehicles of any party to this action.

9.   Copies of any and all medical records, reports relating to the Plaintiff concerning injuries related to this accident or any other injuries or medical condition of Plaintiff.

10.   Photocopy of your client's driver's license front and back.

11.   Names and addresses of each person whom you intend to call at trial as an expert witness.

12.   As to each expert witness named, set forth the substance of the facts and opinions to which the expert is expected to testify; give a summary of the grounds for each opinion, and furnish a copy of the report of each expert.

13.  Copies of all signed and/or unsigned statements or statements recorded by mechanical and/or electronic means made by any witnesses to this incident, directly or indirectly, which are in the possession or control of the defendant or defendant's counsel.

14.  Copies of all singed and/or unsigned statements or statements recorded by mechanical and/or electronic means made by the plaintiffs or the plaintiff's agents or employees which statements are in the possession or control of the defendant or defendant's counsel.

ATTORNEY FOR PLAINTIFF
LAW OFFICES OF JEREMIAS E. BATISTA, LLC

Jeremias E. Batista, Esq.
Attorney for Plaintiff

DATED: June 7, 2021

8

# Civil Case Information Statement

## Case Details: HUDSON | Civil Part Docket# L-002278-21

**Case Caption:** SANCHEZ ANNETTE  VS HOME DEPOT
USA INC.

**Case Initiation Date:** 06/07/2021

**Attorney Name:** JEREMIAS E BATISTA

**Firm Name:** JEREMIAS E BATISTA LL

**Address:** 417 CLIFTON AVE
CLIFTON NJ 070110000

**Phone:** 9733409600

**Name of Party:** PLAINTIFF : Sanchez, Annette

**Name of Defendant's Primary Insurance Company**
(if known): Unknown

**Case Type:** PERSONAL INJURY

**Document Type:** NJ eCourts Case Initiation Confirmation

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same**
**transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: Annette Sanchez?** NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual**
**management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
    *If yes, please identify the requested accommodation:*

**Will an interpreter be needed?** NO
    *If yes, for what language:*

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the
court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

06/07/2021
Dated

/s/ JEREMIAS E BATISTA
Signed

# EXHIBIT B

42488.00136

**MARSHALL DENNEHEY**
By: Alicia L. Calaf, Esq.
Attorney I.D. No. 021092004
425 Eagle Rock Avenue, Suite 302
Roseland, NJ 07068
☎973-618-4165    🖷973-618-0685
✉ alcalaf@mdwcg.com

BY:   KEVIN E. HEXSTALL, Esq.
Attorney Identification No.:  027911997
2000 Market Street, Suite 2300
Philadelphia, PA 19103
215-575-2642
kehexstall@mdwcg.com

ATTORNEYS FOR DEFENDANT - Home Depot U.S.A., Inc.

| | |
|---|---|
| ANNETTE SANCHEZ<br><br>Plaintiff,<br><br>-vs-<br><br>HOME DEPOT U.S.A., INC, ABC COMPANIES (1-5) (fictitious named as yet unknown),<br><br>Defendants | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION:    HUDSON COUNTY<br>DOCKET NO.:      HUD-L-2278-21<br><br>**Civil Action**<br><br>**ANSWER WITH CROSSCLAIMS** |

Defendant, Home Depot U.S.A., Inc., through its attorneys, Marshall Dennehey, in response to the Complaint filed by Plaintiff Annette Sanchez ("Plaintiff"), deposes and says the following:

## FIRST COUNT

1.      Defendant Home Depot U.S.A., Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's alleged fall contained in this paragraph. Home Depot U.S.A., Inc. denies any allegations that Plaintiff sustained a severe injury.

2.      Defendant Home Depot U.S.A., Inc. admits the allegations contained in paragraph 2 of the First Count of the Complaint.

3.     Defendant Home Depot U.S.A., Inc. denies the allegations contained in paragraph 3 of the First Count of the Complaint.

4.     Defendant Home Depot U.S.A., Inc. provides no answer to the allegations contained in paragraph 4 of the First County of the Complaint as the allegations contained therein call for legal conclusions.

5.     Defendant Home Depot U.S.A., Inc. denies the allegations contained in paragraph 5 of the First Count of the Complaint.

6.     Defendant Home Depot U.S.A., Inc. denies the allegations contained in paragraph 6 of the First Count of the Complaint.

**WHEREFORE,** Defendant Home Depot U.S.A., Inc. demands that the Court dismiss Plaintiff's Complaint and award Defendant Home Depot U.S.A., Inc. costs of suit, and any other relief that the Court deems just.

## AFFIRMATIVE DEFENSES
### FIRST AFFIRMATIVE DEFENSE

The Complaint fails, in whole or in part, to set forth a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendant Home Depot U.S.A., Inc. owes no duty to Plaintiff.

### THIRD AFFIRMATIVE DEFENSE

Defendant Home Depot U.S.A., Inc. breached no duty to Plaintiff.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's injuries, if any, and which are denied, were not caused by any conduct of Defendant Home Depot U.S.A., Inc.

2

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff has not suffered damages proximately caused by or attributable to Defendant Home Depot U.S.A., Inc.'s conduct.

## SIXTH AFFIRMATIVE DEFENSE

The Complaint fails, in whole or in part, as the damages alleged by Plaintiff, if any, and which are denied, were caused by the acts or omissions of others for whom Home Depot U.S.A., Inc. is not responsible or liable.

## SEVENTH AFFIRMATIVE DEFENSE

Benefits paid by a healthcare carrier, Medicare or Medicaid are to be deducted from any award pursuant to N.J.S.A. 2A:15-97 in accordance with the collateral source rule.

## EIGHTH AFFIRMATIVE DEFENSE

The injuries and damages complained of by Plaintiff pre-existed, or were sustained after the incident that is the subject matter of the Complaint.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are frivolous, in violation of N.J.S.A. 2A:15-59.1.

## TENTH AFFIRMATIVE DEFENSE

The comparative fault of other parties' bars or limits recovery against Defendant Home Depot U.S.A., Inc. under New Jersey's Comparative Negligence Act and New Jersey's Joint Tortfeasor Contribution Law.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the collateral source rule.

## TWELFTH AFFIRMATIVE DEFENSE

The doctrine of Avoidable Consequences bars or limits Plaintiff's recovery.

## THIRTEENTH AFFIRMATIVE DEFENSE

The damages alleged were due to a condition of which Defendant Home Depot U.S.A., Inc. had no actual or constructive notice.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to name all necessary and indispensable parties. Specifically, Plaintiff has not named the Township of West Long Branch, and this is an indispensable party to the litigation.

## SIXTEENTH AFFIRMATIVE DEFENSE

The injuries and damages complained of were the proximate result of the negligence of third parties over whom Defendant Home Depot U.S.A., Inc. had no control.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The damages alleged were the result of unforeseeable, intervening or superseding acts of others independent of Defendant Home Depot U.S.A., Inc., which bar Plaintiff's causes of action.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The injuries and damages complained of were the proximate result of the sole and contributory negligence of Plaintiff.

## NINETEENTH AFFIRMATIVE DEFENSE

The Court has not obtained personal jurisdiction over Defendant Home Depot U.S.A., Inc., as service of the Complaint was improper and defective pursuant to R. 4:4-4.

## TWENTIETH AFFIRMATIVE DEFENSE

Defendant specifically denies any and all liability as to punitive damages. Defendant hereby adopts any and all rights and defenses under the New Jersey Punitive Damages Act, N.J.S.A. 2A:15-5.9-5.17.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The Complaint and causes of action alleged therein are time-barred pursuant to the applicable Statute of Limitations.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

The damages alleged were the result of an ongoing storm event which Defendant had no control over.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendant Home Depot U.S.A., Inc. reserves the right to raise additional affirmative defenses.

## DEMAND FOR DOCUMENTS

Demand is hereby made upon Plaintiff to furnish within five (5) days of the receipt of this Answer, all documents referenced in the Complaint pursuant to R. 4:18-2, which have not been previously produced in this litigation by Plaintiff to Defendant Home Depot U.S.A., Inc.

## DEMAND FOR ANSWERS TO INTERROGATORIES

Pursuant to R. 4:17-1(b)(1), demand is hereby made upon Plaintiff to Answers to Form "A" Uniform Set of Interrogatories of Appendix II, within the time prescribed by the Rules Governing the Courts of New Jersey. Defendant Home Depot U.S.A., Inc. reserve the right to propound additional supplemental interrogatories under the Rules.

## DEMAND FOR DISCOVERY OF INSURANCE INFORMATION

Pursuant to R. 4:18-1, Defendant Home Depot U.S.A., Inc. hereby demands that Plaintiff furnish all information relative to any insurance coverage Plaintiff may have relating to the claims which are the subject of the within action.

## DEMAND FOR WRITTEN STATEMENT OF DAMAGES

Demand is hereby made upon Plaintiff to furnish within five (5) days of the receipt of this Answer to Complaint, a written Statement of Damages claimed pursuant to R. 4:5-2.

5

## REQUEST FOR ALLOCATION

Pursuant to R. 4:5-2(c) and Young v. Latta, 123 N.J. 584 (1991), Defendant Home Depot U.S.A., Inc. hereby advises that if any other defendant settles the within matter prior to conclusion of trial, the liability of any settling co-defendants shall remain an issue and this Defendant shall seek an allocation of percentage of negligence by the finder of fact against such a settling co-defendant and/or a credit in favor of this Defendant consistent with such allocation. This Defendant shall rely upon all evidence, including the direct examination and cross-examination of Plaintiff and Plaintiff's expert witnesses and any and all other witnesses at the time of trial, in support of this allocation and specifically reserves the right to call any and all such witnesses.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4, Kevin E. Hexstall, Esq. is hereby designated as Trial Counsel in the above captioned matter.

MARSHALL DENNEHEY

Dated: December 20, 2021                    /s/ Alicia L. Calaf
                                            Alicia L. Calaf

## CERTIFICATION OF COMPLIANCE WITH R. 1:38-7(C)

I certify that confidential personal identifiers are not contained in any documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with R. 1:38-7(b).

Dated: December 20, 2021                    /s/ Alicia L. Calaf
                                            Alicia L. Calaf

## R. 4:5-1 AND R. 4:6-1 CERTIFICATIONS

I hereby certify, pursuant to R. 4:5-1, based upon information which is presently known to me, that this matter in controversy is not the subject of any other court or arbitration proceedings. I further certify that, as of this date, I am not aware of any other parties that should be joined in this action, and investigation is ongoing as to whether other potentially liable parties should be joined in this action, and this pleading may be amended as a result of that investigation. I also certify, pursuant to R. 4:6-1(a), that the within pleading was served within the time period allowed by the Rules Governing the Courts of New Jersey.

Dated: December 20, 2021                                          /s/ Alicia L. Calaf
                                                                 Alicia L. Calaf

# Civil Case Information Statement

### Case Details: HUDSON | Civil Part Docket# L-002278-21

**Case Caption:** SANCHEZ ANNETTE  VS HOME DEPOT
USA INC.

**Case Initiation Date:** 06/07/2021

**Attorney Name:** ALICIA LYNNE CALAF

**Firm Name:** MARSHALL DENNEHEY WARNER COLEMAN
& GOGGIN

**Address:** 425 EAGLE ROCK AVE STE 302
ROSELAND NJ 07068

**Phone:** 7329101969

**Name of Party:** DEFENDANT : HOME DEPOT USA INC.

**Name of Defendant's Primary Insurance Company**
**(if known):** Sedgewick Claims

**Case Type:** PERSONAL INJURY

**Document Type:** Answer

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same**
**transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: ANNETTE  SANCHEZ?** NO

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual**
**management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
     **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
     **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the
court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

12/20/2021
Dated

/s/ ALICIA LYNNE CALAF
Signed

# EXHIBIT C



DENNIS M. DONNELLY
Certified Civil Trial Attorney

**THE DONNELLY LAW FIRM**

ABRAHAM N. MILGRAUM

86 Summit Avenue, 4th Floor, Summit, NJ 07901      P: 908.275.1500      F: 908.275.4428      www.njciviljustice.com

RECEIVED
MAR 2 8 2022
BY: ...................

March 24, 2022

**Via Lawyers Service**

Alicia L. Calaf, Esq.
Marshall Dennehey
425 Eagle Rock Avenue, Suite 302
Roseland, NJ 07068

Re:  Annette Sanchez vs Home Depot USA, et al.
     Docket No.: HUD-L-2278-21
     Our File No.:  21-000058

Dear Ms. Calaf:

In reference to the above-referenced matter, enclosed please find plaintiff, Annette Sanchez' certified answers to Form A and Supplemental interrogatories along with the responses to the Notice to Produce.

Should you have any questions, please do not hesitate to contact my office.

Very truly yours,

ABRAHAM N. MILGRAUM
amilgraum@njciviljustice.com

ANM/jv
Encls.